## TEST & BALANCE CORPORATION OF ORLANDO, INC. v NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, etc., et al.

### Case No. CO-86-886

County Court, Orange County

September 10, 1986

### OPINION OF THE COURT

JAMES C. HAUSER, County Judge.

### *ORDER DENYING DEFENDANT NATIONAL FIRE INSURANCE COMPANY OF HARTFORD'S MOTION FOR SUMMARY JUDGMENT*

THIS CAUSE came before this Court on September 4, 1986, on

Defendant National Fire Insurance Company of Hartford's Motion for Summary Judgment. The Court having reviewed the pleadings, affidavits, requests for admissions, and interrogatories filed herein, and otherwise being advised of the premises, the Court for purposes of this motion makes the following findings of fact and conclusions of law:

1. The Plaintiff, Test & Balance Corporation of Orlando, Inc., a Florida corporation, did not provide a Notice to Contractor.

2. Plaintiff provided labor only on the project, and did not furnish any materials, nor subcontract any of its labor to others.

3. The laborers who did the work were not engineers; they had only a high school education.

4. The principal contract sum at issue is $3,300.

5. Plaintiff qualifies as a laborer under Section 713.01(9), Florida Statutes, and is therefore exempt from the notice requirements of Section 713.23(1)(d), Florida Statutes. For this reason, the Plaintiff's failure to provide a Notice to Contractor does not defeat its claim against Defendant National Fire Insurance Company of Hartford.

6. Plaintiff qualifies as a laborer under § 713.01(9), Florida Statutes, even though Plaintiff is a corporation. If the Legislature had intended to exclude all corporations, per se, from the special protection afforded to laborers under Chapter 713, Florida Statutes, then § 713.23(1)(d) could otherwise have expressly excluded corporations as laborers. This holding is in accord with the case of *Sprinkler Fitters & Apprentices Local Union No. 821, U.A. v. F.I.T.R. Service Corporation*, 461 So.2d 144, 146 (Fla. 3d DCA 1984) which refers to "individual or entity" as a laborer.

It is thereupon,

ORDERED AND ADJUDGED that:

1. Defendant's Motion for Summary Judgment is denied.

2. This Court considers the issue of whether a corporation may qualify as a laborer under § 713.23(1)(d), Florida Statutes, to be a matter of great public importance, and upon entry of a final order in this action the Court shall certify the issue as such to the Fifth District Court of Appeals.

DONE AND ORDERED in Chambers, Orlando, Orange County, Florida, this 10th day of September, 1986.